UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERTO LOBO FILHO, | ) | |
| | ) | |
| Plaintiff, | ) | No. C09-3802 BZ |
| | ) | |
| v. | ) | |
| | ) | **ORDER GRANTING IFP** |
| PETER MICHAEL SPANIER, et al., | ) | **APPLICATION AND** |
| | ) | **DISMISSING COMPLAINT** |
| Defendants. | ) | **WITH LEAVE TO AMEND** |
| | ) | |

Before the Court is Roberto Lobo Filho's ("plaintiff") application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. section 1915, filed on August 19, 2009. For the reasons set forth below, the Court hereby **GRANTS** plaintiff's IFP application and **DISMISSES** plaintiff's complaint with leave to amend.

Under 1915(e)(2) a court must dismiss an *in forma pauperis* action which, construed liberally, is frivolous; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that an *in forma*

1

*pauperis* complaint may be dismissed as frivolous where it "lacks an arguable basis in law or in fact"); *see also* Marks v. Slocum, 98 F.3d 494, 495 (9th Cir. 1996) (per curiam); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).  Plaintiff appears to be alleging that defendants violated his civil rights and defamed him in a conspiracy dating back to a town hall meeting in 2001.

To file suit in federal court, a plaintiff must invoke federal jurisdiction.  Generally, this means filing a case that involves a question of federal law, or in which the parties are citizens of different states and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1331 and 1332(a).

Here, plaintiff cites several federal statutes, none of which are relevant or give him a private right of action.  A "private right of action" simply means the right of a private individual to bring a lawsuit.  For example, plaintiff bases several of his claims on 18 U.S.C. sections 241 and 245.  These statutes are criminal statutes which are meant to be enforced by the federal government and cannot be enforced by private individuals.  *See*, *e.g.*, Shahin v. Darling, 606 F. Supp. 2d 525, 538 (D. Del. 2009).  Plaintiff also appears to claim he was defamed.  Even if plaintiff has a civil claim for defamation, he must file that in state court, unless he can claim diversity jurisdiction - that is he is suing citizens of other states - which he has not claimed.

To the extent that plaintiff raises claims based on the injury of others, plaintiff has no standing to bring such

2

claims.  To satisfy the requirements of standing, plaintiff must meet three elements: (1) plaintiff must have been injured, (2) the injury must be causally related to the defendant, and (3) it must be likely that the injury will be redressed by a favorable decision.  <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992).  Plaintiff must state specific facts which show how defendants have harmed him personally and not how defendants have harmed others.  It should also be noted that plaintiff's defamation claim under state law may also be barred by the statute of limitations.  This statutory requirement limits the time a plaintiff can file suit.  Cal. Civ. Proc. Code § 340(c).  While it appears that plaintiff may have alleged sufficient facts for a claim of defamation under state law, plaintiff has not raised any valid claims under federal law.  Accordingly, plaintiff has not asserted any basis for federal jurisdiction.

    For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

    1.  Plaintiff's complaint is **DISMISSED** with leave to amend.  If plaintiff desires to proceed with this lawsuit, he must file an amended complaint by **September 30, 2009**.  The amended complaint should be a short, legible statement in plain English that clearly states the facts that form the basis for plaintiff's suit against defendants.  At a minimum, plaintiff should state how he believes defendants have harmed him personally and the basis for jurisdiction.  In amending his complaint, plaintiff may wish to consult a manual the Court has adopted to assist *pro se* litigants in presenting

their case.  This manual is available in the Clerk's Office and online at: www.cand.uscourts.gov.  If plaintiff does not amend or otherwise comply with this Order by **September 30, 2009**, this case may be dismissed.

    2.  By no later than **September 30, 2009**, plaintiff shall consent to or decline magistrate judge jurisdiction.  A form is available online at: www.cand.uscourts.gov

    3.  Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, but the Marshal shall not serve defendant until an adequate complaint is filed.

Dated:   September 10, 2009

                               Bernard Zimmerman
                       United States Magistrate Judge

G:\BZALL\-BZCASES\FILHO V.SPANIER\ORDER GRANTING IFP.wpd